# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.

**Case No. 1:19-cr-41(2)**
**JUDGE DOUGLAS R. COLE**

METRELL JAMES PATTERSON,

    **Defendant.**

## OPINION & ORDER

This cause comes before the Court on Defendant Metrell James Patterson's Motion for Bond (Doc. 15) and Supplement to Motion for Bond (Doc. 22), both of which request the Court to review the Magistrate Judge's April 30, 2019 Detention Order and release him on bond with conditions that will address the risks of nonappearance and danger to the community. The Court determines that it can address Patterson's detention status without a hearing. For the reasons below, the Court **DENIES** Patterson's Motions. (Docs. 15, 22).

## BACKGROUND

On April 17, 2019, a grand jury executed a one-count indictment against Patterson charging him with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. (*See* Indictment, Doc. 1). That same day, an arrest warrant was issued for Patterson. (Doc. 4). About two weeks later, on April 30, 2019, Patterson was arrested in Los Angeles, California. That same day, Patterson, represented by appointed counsel, appeared before Central District of California Magistrate Judge Paul L. Abrams for his arraignment and detention hearing. (*See* Doc. 8 at 2, #41).

At that hearing, Patterson waived his rights to an "identity hearing" and "arrival of process." (Doc. 8 at 18, #57). Magistrate Judge Abrams then found that, given the charged offense is one for which Patterson faces a mandatory minimum imprisonment term of 10 years (and up to life), the rebuttable presumption favoring detention arising under 18 U.S.C. § 3142(e) applies to Patterson. (*See* Order of Detention, Doc. 8 at 14–17, #53–56). Thus, Magistrate Judge Abrams ordered that Patterson be permanently detained pending trial. (*Id.*). The next day, on May 1, 2019, Magistrate Judge Abrams issued a Final Commitment and Warrant of Removal, which remanded Patterson to the custody of the Marshal for the Central District of California and ordered that Marshal to remove Patterson to this district. (*Id.* at 19, #58)

About a month later, on May 28, 2019, Patterson appeared with his newly appointed counsel before Magistrate Judge Litkovitz for his initial appearance. (Doc. 12). There, Magistrate Judge Litkovitz informed Patterson of his rights, provided Patterson a copy of the Superseding Indictment, and continued Magistrate Judge Abrams' Order of Detention so that Patterson remained in detention pending his trial. (*Id.*).

The next day, on May 29, 2019, Patterson filed a Motion for Bond (Doc. 15) requesting pretrial release so that he could live with his mother in Los Angeles, California. Two days later, on May 31, 2019, the Court held a telephone status conference to establish a briefing schedule for Patterson's Motion. (*See* May 31, 2019 Minute Entry). The Court ordered the Government to file a response, if any,

by June 19, 2019. (*Id.*). The Government was unable to file a response by that deadline, however, because Patterson's Pretrial Service Report was not filed until September 10, 2019, (the Central District of California prepared the Report).

In any event, this case was subsequently transferred to the undersigned judge on January 9, 2020. (Doc. 19). About two months later, on March 5, 2020, Patterson filed a Supplement to his Motion for Bond. (Doc. 22). The Government has since opposed Patterson's Motions (Doc. 23), which are thus now ripe for review.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). Only clear and convincing evidence can support a finding that the defendant is a danger to another person or the community. *Id.* § 3142(f). "The default position of the law, therefore, is that a defendant should be released pending trial." *Stone*, 608 F.3d at 945. "That default is modified, however, for certain, particularly dangerous defendants." *Id.* More specifically, when probable cause exists that a defendant committed one of the crimes listed in § 3142(e)(3), there is a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3).

For two reasons, the § 3142(e)(3) presumption applies here. First, "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *Stone*, 608 F.3d at 945. Second, the

grand jury charged Patterson with one of the offenses listed in § 3142(e)(3). He concedes this.

In Patterson's view, however, he can rebut the presumption that favors his detention. To do so, Patterson must satisfy his burden of production by presenting evidence that he does not pose a danger to the community or a risk of flight and that there are conditions that the Court can impose on him that reasonably reduce those risks. *Stone*, 608 F.3d at 945 (citation omitted). Section 3142(g) lists factors the Court must consider in determining whether there are reasonably sufficient conditions of release. 18 U.S.C. § 3142(g). Patterson argues that several factors support his pretrial release, including: (1) his family and community ties to the Central District of California, where he has lived most of his life and was arrested for the underlying offense in this case; (2) his limited criminal history; (3) his sobriety; (4) the fact he does not have a passport; (5) he has a warrant for a misdemeanor probation violation related to a DUI offense, which Patterson contends he will resolve as a condition of bail; and (6) his family friend has offered to tender real estate worth approximately $300,000 as collateral for Patterson's bail. (Def.'s Mot. for Bond at 3, #69).

Patterson has satisfied his burden of production by asserting that he does not have any drug or alcohol dependency, does not have a passport, and has resources for bail (although this is unverified). It is worth noting, however, that some of the information that Patterson has provided does not support his release, as he argues in his Motion. Rather, several items that Patterson lists favor his detention. For

4

example, Patterson admits that he has a criminal history, albeit one that is "not significant." For obvious reasons, though, any criminal history—particularly one that includes convictions for controlled substances, burglary, and unlawfully concealing a firearm—does not weigh in favor of release, but instead favors detention. That said, to the extent that Patterson's criminal history is "not significant" that could perhaps reduce the extent to which this factor supports detention. Still, another factor also supports Patterson's detention: his pending warrant due to his previous probation violation. Yet, in his view, the pending warrant and violation presents an opportunity for Patterson to resolve one of his current legal issues, which he can do only if released on bond. To be sure, resolving that issue may be a step in the right direction. But the Court finds the unresolved warrant and related probation violation instead serve as red flags that Patterson may fail to appear for future proceedings in this matter, which is a factor the Court must consider in reviewing Patterson's detention status. *See* 18 U.S.C. § 3142(g)(3) (courts must take into account the defendant's "record concerning appearance at court proceedings" and "whether, at the time of the current offense or arrest, the person was on probation"). Finally, Patterson asserts that his family and community ties support his release. Upon reviewing the location where Patterson allegedly has such ties (i.e., California), though, the Court disagrees that those factors support his release. While the Court acknowledges that § 3142(g) includes family and community ties as types of information that the Court must weigh in determining whether detention is appropriate, Patterson's family and community

5

ties can only lend him support here if they are ties to the district where he is charged, i.e., the Southern District of Ohio. *See id.*; *United States v. Villegas*, No. 3:11-cr-28, 2011 WL 1135018, *7 (E.D. Tenn. 2011) (citation omitted) ("[A]lthough the defendant has ties with the community in which he lives in California, the defendant has no ties with this District, and the Court may consider this fact."). Thus, Patterson's lack of family and community ties to this district does not support his release. Still, Patterson has at least arguably satisfied his burden of production as to the presumption favoring detention under § 3142(g).

That is only half the battle, though, as the question then turns to whether the Government can carry its burden of persuasion. To that end, the Government points out that Magistrate Judge Abrams ordered that Patterson be detained because his lack of employment history makes him a flight risk and the nature of the allegations suggests Patterson is a danger to the community. The Government also argues that the evidence against Patterson and his co-defendant in this case is extremely strong, including video surveillance of the co-defendant shipping packages of methamphetamine and Patterson's fingerprints on several of those packages. This supports detention. *See* 18 U.S.C. § 3142(g)(2). All this, the Government contends, in addition to Patterson's criminal history, previous probation violations, and lengthy term of imprisonment, if convicted—i.e., mandatory minimum of ten years, and up to life—are more than enough to justify Patterson's pretrial detention.

6

Having considered the totality of the evidence that the parties have presented, the Court finds that many § 3142(g) factors support the conclusion that Patterson is a flight risk and a danger to others and the community. Accordingly, the Government has carried its burden of persuasion on the issue of pretrial detention.

## CONCLUSION

For the reasons above, the Court finds that although Patterson has met his burden of production as to the § 3142(g) presumption favoring detention, the Government has carried its burden of persuasion to show that detention is necessary. Accordingly, the Court **DENIES** Patterson's Motion for Bond (Doc. 15) and Supplement to Motion for Bond (Doc. 22).

**SO ORDERED.**

April 28, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**